UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>        Plaintiff,<br><br>v.<br><br>KUM CHA SHOCKLEY, et al.,<br><br>        Defendants. | Case No.: 19-CV-523 DMS (JLB)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court is Plaintiff's motion for default judgment against Defendant Kum Cha Shockley. The motion is unopposed. Upon consideration of the pleadings, the motion, and Defendant's lack of appearance in this case or opposition to the motion, the Court grants the motion. The Clerk of Court shall enter the judgment in favor of Plaintiff in the amount of $9,046.35.

**I.**

**BACKGROUND**

On March 19, 2019, Plaintiff filed a complaint on behalf of himself as a person with a disability to enforce the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and California Civil Code § 52 (the "Unruh Act"). Plaintiff is an amputee who uses a wheelchair for mobility. (P's Mot. For Def. Judg. At 2). Although Plaintiff included additional claims in his original complaint, he is seeking default judgment based only on

the ADA and Unruh Act claims. (*See* P's Mot. For Def. Judg. At 2). Plaintiff's claims arise from his alleged attempt to patronize the marijuana dispensary and retail store, "The Dank House," (d.b.a. Green Dreams, LLC.), on February 4, 2019. There, Plaintiff alleges he encountered difficulties because the facility lacked designated accessible parking spaces and the wheelchair access ramp was steep and in need of repair. (Compl. at ¶¶ 13—16). Plaintiff alleges this establishment is located on property owned by Defendant Shockley. (*Id.* at ¶ 6). Defendant was served on April 30, 2019. (Dkt. No. 3). Defendant did not respond to Plaintiff's complaint. On June 7, 2019, Plaintiff requested the Clerk's entry of default of Defendant. (Req. for Entr. Of Def. at ¶ 6). The Clerk entered default on June 10, 2019, and on June 27, 2019, Plaintiff filed the present motion for default judgment. (P's Mot. For Def. Judg. at 1).

## II.

## DISCUSSION

Plaintiff requests entry of default judgment against Defendant, seeking injunctive relief under the ADA, actual damages of $4,000, statutory treble damages of $12,000, and attorney's fees and costs. (P's Mot. For Def. Judg. at 1). In the alternative, Plaintiff contends he is entitled to "no less than the statutory minimum amount of $4,000 in damages" under the Unruh Act. (*Id.* at 9.)

**A. Default Judgment**

The Clerk of the Court is required to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) allows for entry of default judgment by the court. However, "[a] plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." *United States v. Boyce*, 148 F. Supp. 2d. 1069, 1093 (S.D. Cal. 2001) (citations omitted).

In exercising that discretion, courts consider the following factors:

> "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

*Id.* (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471—72 (9th Cir. 1986)). Consistent with the last factor of the strong public policy in favor of decisions on the merits, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." *VonGrabe v. Spring PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) (citing *Pena v. Seguros La Comercial, S.A.*, 220 F.2d 811, 814 (9th Cir. 1985)). In general, however, "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917—18 (9th Cir. 1987).

### 1. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor considers the possibility of prejudice to the plaintiff if a default judgment is not entered. *See* 782 F.2d at 1471—72. Plaintiff contends that the architectural barriers located on Defendant's property do not comply with the ADA and Unruh Act, and thus constitute discrimination and denial of equal access. Here, Defendant has failed to appear and has not remedied these barriers to access. If a default judgment is not entered, Plaintiff will likely have no recourse against Defendant. Plaintiff has therefore made a sufficient showing to meet this factor.

### 2. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors are the merits of plaintiff's substantive claim and the sufficiency of the complaint. *See id.* These factors "require that a plaintiff state a claim on which it may recover." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (internal citations and quotation marks omitted). Plaintiff seeks relief under the ADA and the Unruh Act, each of which is addressed in turn.

///

///

### a. Discrimination under Title III of the ADA

Title III of the ADA prohibits discrimination by public accommodations. 42 U.S.C. § 12182(a). To state a claim under the ADA, Plaintiff's complaint must first demonstrate that he has Article III standing to bring an ADA claim. Further, Plaintiff must show (1) he is disabled under the ADA; (2) "The Dank House" contains architectural barriers prohibited by the ADA; and (3) "that the removal of those barriers is readily achievable." *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1158 (S.D. Cal. 2006) (citing 42 U.S.C. § 12182(a)).

#### i. Standing to Bring a Claim Under the ADA

As with all actions, Plaintiff must have Article III standing to bring a claim under the ADA. To establish Article III standing under the ADA, Plaintiff "must demonstrate that [he has] suffered an injury in fact, that the injury is traceable to the challenged action of the Defendant and that the injury can be redressed by a favorable decision." *Hubbard*, 433 F. Supp. 2d at 1162 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)). Since Plaintiff is seeking injunctive relief, this analysis considers the threat of future harm, defined by the likelihood that Plaintiff will return to "The Dank House." *See Vogel*, 992 F. Supp. 2d at 1008 (citing *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)). In the context of the ADA, when "determining the likelihood that a plaintiff will return to defendant's facility, courts have examined such factors as (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Hubbard*, 433 F. Supp. 2d at 1162. (citing *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002)). Further, a disabled individual "suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011).

Here, Plaintiff alleges he faced difficulties when he attempted to patronize Defendant's store. He alleges he could not find any designated accessible parking on site.

(Compl. at ¶ 14). Plaintiff also alleges the ramp to the dispensary entrance "was too steep and in need of repair." (*Id.*) While Plaintiff was "able to enter the place of public accommodation with some difficulty," he alleges he "suffered legally cognizable injury including, but not limited to, difficulty, discomfort or embarrassment in accessing Defendants' place of public accommodation." (*Id.* at 14—16, 18). Taking these allegations as true, Plaintiff's complaint states an adequate claim for an injury based on his past visit to Defendant's store. *See TeleVideo Systems, Inc.*, 826 F.2d at 917-18.

In terms of the likelihood of Plaintiff returning to Defendant's property, Plaintiff alleges he resides near the property. (Compl. at ¶ 14). Plaintiff also notes he attempted to patronize the business on February 4, 2019, as discussed. (Compl. at ¶ 12). Finally, Plaintiff notes he "will continue in the future to visit this place of public accommodation for the purposes of shopping and/or otherwise using and enjoying the facility's accommodations, and to evaluate the facility's accessibility to individuals with disabilities or to determine if other forms of discrimination exist." (Compl. at ¶ 11). Taking these allegations as true, Plaintiff has alleged a sufficient claim for threat of future injury based on the likelihood he will return to Defendant's property. *See TeleVideo Systems, Inc.*, 826 F.2d at 917-18. In sum, Plaintiff has standing to bring this ADA claim.

### ii. Discrimination under the ADA

To prevail on a claim for discrimination under Title III of the ADA, the Plaintiff must show (1) he is disabled under the definitions provided by the ADA, (2) the Defendant is "a private entity that owns, leases, or operates a place of public accommodation," and (3) the Plaintiff "was denied public accommodations . . . because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, in the context of discrimination based on architectural barriers, Plaintiff must show (1) "The Dank House" contains architectural barriers prohibited by the ADA; and (2) "that the removal of those barriers is readily achievable." *Hubbard*, 433 F. Supp. 2d at 1158 (citing 42 U.S.C. § 12182(a)).

Here, Plaintiff established he is disabled within the meaning of the ADA as an amputee who uses a wheelchair for mobility.[1] (P's Mot. For Def. Judg. At 2). Plaintiff also alleges "Defendant operates the marijuana dispensary on this property," and Defendant has not contested this assertion. (*Id.*) Finally, "The Dank House" is a public accommodation because it is a sales establishment that is open to the public. *See Vogel*, 992 F. Supp. 2d at 1009 (citing 42 U.S.C. § 12102(2); § 12181(7)(E)) ("A sales establishment is a place of public accommodation."). Thus, Plaintiff has sufficiently stated a claim for a violation of the ADA, if he suffered discrimination on Defendant's property due to his disability.

Discrimination "on the basis of disability includes a failure to remove architectural barriers where such removal is readily achievable." *Doran v. 7-Eleven, Inc.*, 524 F. 3d 1034, 1043 (9th Cir. 2008) (quoting 42 U.S.C. § 12182). Under the ADA, the term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9)(A)—(D).

Here, Plaintiff alleges the architectural barriers at Defendant's establishment include the lack of accessible parking and the steep ADA ramp. However, Plaintiff only requests the Court issue an injunction requiring Defendant to designate an accessible parking spot and path to the store entrance. Although determining what is "readily achievable" requires analyzing context-specific facts such as the nature and cost of the repair and the overall financial resources of the facilities and covered entity, Plaintiff did not have the opportunity to acquire this information from Defendant because Defendant failed to appear. *See id.* in addition, some courts have found "the creation of a handicap accessible parking space is per se readily achievable." *See, e.g.*, *Johnson v. San*, No. 2:15-CV-162-JAM-EFB, 2015 WL 7188245, at *3 (E.D. Cal. 2015), report and recommendation adopted No. 2:15-CV-

---

[1] Under the ADA, the term "disability" includes "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A).

162-JAM-EFB, 2016 WL 659791 (E.D. Cal. 2016). The creation of designated accessible parking spaces is also listed as an example of a readily achievable step in ADA guidelines. *See* 28 C.F.R. § 36.304(b). This makes good sense. Further, Plaintiff's allegation that removal of such barriers is readily achievable "is sufficient to satisfy his burden of production" because his allegations are taken as true upon default. *See Vogel*, 992 F. Supp. 2d at 1011 (citing *Johnson v. Beahm*, 2011 WL 5508893 *3 (E.D. Cal. 2011)). Therefore, the second and third *Eitel* factors weigh in favor of Plaintiff's ADA claim.

### b. Unruh Act Claim

Plaintiff's second claim for relief is based on a violation of the Unruh Act. (P's Mot. For Def. Judg. At 7). The Unruh Act provides for "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments" for "all persons . . . no matter what their . . . disability." Cal. Civ. Code § 51(b). Unlike the ADA, the Unruh Act provides for monetary damages, including actual damages, treble damages, or independent statutory damages of $4,000. *Molski*, 491 F.3d at 731. The Unruh Act also provides for attorney's fees and costs. *Id.*; Cal. Civ. Code § 52(a).

"[A] violation of the ADA is, per se, a violation of the Unruh Act." *See Lentini v. Cal. Ctr. For the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004); Cal. Civ. Code § 51(f). Moreover, "no showing of intentional discrimination is required when the Unruh Act violation is premised on an ADA violation." *Id.* Because Plaintiff's claim for relief under the ADA meets the second and third *Eitel* factors, these factors are also met with respect to his Unruh Act claim.

### 3. Sum of Money at Stake in the Action

The fourth factor to be considered is the sum of money at stake in relation to the seriousness of the defendant's conduct. *See Eitel*, 782 F.2d at 1471-72. Courts disfavor default judgment when "the sum of money at stake is too large or unreasonable in relation to the defendant's conduct." *Vogel*, 992 F. Supp. 2d at 1012.

Here, Plaintiff is requesting a total of $21,406.35—consisting of $4,000 in actual damages, $12,000 in treble damages, and $5,406.35 in attorney's fees and costs. In the

alternative, Plaintiff requests $9,406.35: $4,000 in statutory minimum damages and $5,406.35 in attorney's fees and costs. Plaintiff also seeks an injunction ordering Defendant to provide and designate accessible parking and a path to the store entrance in compliance with ADA guidelines. Though the scope of injunctive relief will add to Defendant's financial burden, the ADA "limits this liability to removal of barriers that is readily achievable, and in this way caps a defendant's liability." *See Vogel*, 992 F. Supp. 2d at 1012.

As discussed below, this Court will decline to award treble damages to Plaintiff. Thus, the sum of money at stake in the action here is $9,406.53, in addition to the cost associated with injunctive relief. This amount is within the range of acceptable sums of money other courts within this Circuit have awarded in similar actions. *See, e.g.*, *id.* at 1012 (granting a judgment of $13,739.20, including statutory damages, attorneys' fees, and costs); *Moore v. Cisneros*, No. 1:12—cv—00188 LJO SKO, 2012 WL 6523017, at *4 (E.D. Cal. 2012) (granting an award of $10,119.70 on default judgment and noting the amount "was not a particularly large sum of money"); *Johnson v. Huynh*, No. Civ S—08—1189 JAM DAD, 2009 WL 2777021, at *2 (E.D. Cal. 2009) (holding $12,000 was "a relatively small award of damages" in a default judgment). Therefore, the fourth *Eitel* factor weighs in favor of entry of default judgment against Defendant here.

**4. The Possibility of a Dispute Concerning Material Facts**

The fifth factor asks whether there is a possibility of a dispute over material facts. *Eitel*, 782 F.2d at 1471-72. When a court clerk enters default, "all allegations in a well-pleaded complaint are taken as true," and there is "no likelihood that any genuine issue of material fact exists." *Elektra Ent. Grp. v. Crawford*, 226 F.R.D 388, 393 (C.D. Cal. 2005). So it is here. Defendant failed to respond, and default was entered Thus, the fifth factor weighs in favor of Plaintiff.

///
///

### 5. Excusable Neglect

The sixth *Eitel* factor is excusable neglect. *See* 782 F.2d at 1472. The question of what conduct "constitutes excusable neglect under Rule 60(b)(1) and similar rules is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1110 (9th Cir. 2011) (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)) (internal quotation marks omitted). Although Rule 60(b)(1) of the Federal Rules of Civil Procedure governs grounds for relief from a final judgment, Rule 55(b) constitutes a similar rule because it governs the grounds for entering a default judgment.

There is "little possibility of excusable neglect and default judgment is favored when defendants fail to respond after being properly served." *See Constr. Laborers Trust Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1201-02 (C.D. Cal. 2018). Here, Defendant received notice of the complaint and did not respond. Though Plaintiff did not provide evidence of serving Defendant with the instant motion, such service is not required by Rule 55(b). *See* Fed. R. Civ. P. 55(b). Thus, this factor weighs in favor of entry of default judgment.

### 6. Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

The final factor requires the Court to consider the strong policy favoring decisions on the merits. *See* 782 F.2d at 1472. Although resolving disputes on the merits is the preferred approach, that is not possible where, as here, a defendant fails to respond. Nonetheless, this factor does not weigh in favor of Plaintiff.

### 7. Conclusion Regarding the *Eitel* Factors

Here, all factors, aside from the seventh factor favoring decisions on the merits, weigh in favor of Plaintiff.

### B. The Character and Amount of Plaintiff's Recovery

Under Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." The demand for

9

19-CV-523 DMS (JLB)

relief must be specific. *See* Fed. R. Civ. P. 8(a)(3). When deciding whether to grant a default judgment, "the general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted). When "determining damages, a court may rely on declarations submitted by the plaintiff in lieu of a full evidentiary hearing." *Ewing v. Senior Life Planning, LLC.*, 19-CV-1005-BAS-LL, 2019 WL 4573703 at *1 (S.D. Cal. 2019) (citing *Phillip Morris USA v. Castworld Prods. Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing Fed. R. Civ. P 55(b)(2)). Further, "[s]tatutory damages are appropriate in default judgment cases because the ability to determine a plaintiff's actual damages is limited when a defendant fails to mount a defense or participate in discovery." *G&G Closed Circuit Events, LLC v. Sanchez*, 18-CV-382-WQH-KSC, 18 WL 5311792 at *2 (S.D. Cal. 2018).

### 1. Statutory Damages

As noted, Plaintiff is seeking $4,000 in actual damages and an additional $12,000 in treble damages for discrimination under the Unruh Act. In the alternative, Plaintiff seeks the statutory minimum damages of $4,000. While the statutory damages provided by the Unruh Act are reasonable, the trebling of those damages is not. Under California Civil Code § 52 (the "Unruh Act"),

> "whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code §52(a) (West).

Here, Plaintiff seeks damages based on emotional distress, but fails to set out the basis for those damages, let alone the need to treble them. (P's Mot. For Def. Judg. at 8). In the alternative, Plaintiff seeks the $4,000 statutory minimum damages. (*Id.*) To recover statutory damages, the Plaintiff "need not prove she suffered actual damages." *Molski*, 481 F.3d at 731. Plaintiff "need only show that he was denied full and equal access, not that

he was wholly excluded from enjoying defendant's services." *See Vogel*, 992 F.Supp.2d at 1014.

Because Defendant did not respond, the record is undeveloped as to Plaintiff's claim for actual and treble damages. And while Defendant bears the burden of this default judgment due to his failure to respond, there is no indication Plaintiff's injury would not be adequately redressed with statutory minimum damages, attorney's fees, and injunctive relief. Therefore, the Court declines to award treble damages for Plaintiff and finds the award of statutory damages is sufficient.

### 2. Injunctive Relief

Plaintiff also seeks injunctive relief under the ADA to compel Defendant to "install a van accessible parking space and access aisle and an accessible path of travel from the parking and public sidewalk to and through the entrance to the facility in full compliance with . . . the Americans with Disabilities Act Accessibility Guidelines ("ADAAG")." (P's Mot. For Def. Judg. at 9). Under the ADA, "injunctive relief is proper when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Vogel*, 992 F. Supp. 2d at 1015. Further, the plaintiff is "not required to satisfy the other prerequisites generally needed for injunctive relief." *Id.* (citing *Moeller v. Taco Bell*, 816 F. Supp. 2d 831, 859 (N.D. Cal. 2011)). As discussed, Plaintiff's request for injunctive relief is readily achievable. Defendant, in his capacity as property owner, can "make the physical changes necessary to remove the specific barriers," either as the operator of the establishment or in his capacity as landlord. *See id.* Defendant shall therefore install a van accessible parking space and create an accessible path of travel from the parking and sidewalk to the entrance of "The Dank House" in compliance with the ADAAG.

### 3. Attorney's Fees and Costs

Plaintiff further requests attorney's fees and costs in the sum of $4,446.00 and $600.35, respectively, both of which are permitted under the ADA and the Unruh Act. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Plaintiff provided declarations in support of

11

his request for fees and costs. The requested attorney's fees and costs are reasonable. Therefore, the Court will award fees and costs totaling $5,046.35.

### III.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion for default judgment for $4,000 in statutory damages and $5,046.35 in attorney's fees and costs. The Court **DENIES** Plaintiff's motion for treble damages. The Court **ORDERS** Defendant to provide and designate accessible parking and a path to the store entrance at 956 Broadway, Chula Vista, CA 91910, in compliance with the American with Disabilities Act Accessibility Guidelines. The Court **DIRECTS** the Clerk of the Court to enter judgment against Defendant and in favor of Plaintiff.

**IT IS SO ORDERED.**

Dated: October 28, 2019

Hon. Dana M. Sabraw
United States District Judge